ESTHER DRESSLER v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

WILLIAM DRESSLER v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.—376 S. W. (2d) 700.

Eastern Section. July 20, 1963.

Certiorari Denied by Supreme Court December 5, 1963.

Roberts, Weill & Ellis, Chattanooga, for appellants Esther and William Dressler.

Spears, Moore, Rebman & Williams, Chattanooga, for appellee State Farm Mutual Automobile Ins. Co.

McAMIS, P. J. Mrs. and Mrs. William Dressler obtained separate judgments at law, in the amount of $7500.00 in each case, against Mrs. Gail Dressler as a result of personal injuries sustained by Mrs. Dressler while riding in an automobile owned by her son, Dr. Stanley Dressler, and operated by his wife, Mrs. Gail Dressler. Mrs. Gail Dressler was an additional insured under defendant's public liability policy, issued to Dr. Dressler, and these consolidated suits were instituted to recover the amount of the two judgments.

The insuring clause obligates the insurer:

"To pay all damages which the insured shall become legally obligated to pay because of bodily injury sustained by other persons, and caused by accident arising out of the ownership, maintenance or use, including loading or unloading of the automobile."

Complainants have appealed from the Chancellor's decree holding the insurer exempt from liability under a subsequent policy provision that the insurance afforded by the policy does not apply: .

"To bodily injury to the insured or any member of the family of the insured residing in the same household as the insured."

Complainants have assigned as error the Chancellor's holding that complainants were members of Dr. Stanley Dressler's family and residing in the same household with him on June 27, 1959, the date of the accident in which complainant, Mrs. William Dressler, was injured.

Since 1949, complainants have owned a two-story residence at 2412 East Fourth Street in Chattanooga. A number of years prior to the accident this residence was converted into three apartments, the one on the ground floor consisting of six rooms, including a kitchen. The second floor consisted of a three-room apartment and a one-room apartment. The three-room apartment was rented and occupied by strangers and is not here involved. The one-room apartment with an attached bath room was furnished with two beds and a refrigerator but no cook stove. Each apartment had a separate entrance through a hallway.

On December 15, 1958, Mr. and Mrs. William Dressler were living in the large down-stairs apartment with their son Ronald who was 20 years of age. In that month their son, Dr. Stanley Dressler, graduated from medical school in Memphis where he had been living with his wife and their infant child. Upon graduation, Dr. Dressler moved to Chattanooga to accept an internship at Erlanger Hospital.

Although Dr. Dressler and his wife later looked for other living quarters they apparently moved to Chattanooga without attempting in advance to find an apartment, expecting to live with the elder Dresslers and their son Ronald who moved out of the down-stairs apartment and into the one-room up-stairs apartment. Dr. Dressler, his wife and child then moved into the large apartment. The elder Mr. Dressler was away from home most of the time but when he was at home Ronald slept in the downstairs apartment.

The Chancellor found:

"Mrs. Stanley Dressler and Mrs. William Dressler planned the cooking together and shared the household food and maid expenses. Except for sleeping, the downstairs apartment was always open to and used by Mrs. William Dressler as though it were her home. At no time prior to the accident had Dr. Dressler actually rented other quarters, though he was on the lookout for a suitable apartment. * * * The two Dressler women planned and cooked the meals that the members of the family ate. Except for sleeping, they enjoyed in common for family purposes the downstairs apartment." The Chancellor also found that this arrangement was regarded by all of the parties as temporary.

There is no assignment of error directed to these findings and we concur therein.

We do not have a case in Tennessee directly in point. Complainants rely upon the unreported decision of this Court in State Farm Mutual Automobile Insurance Company v. Zimmerman (Eastern Section 1960), where the exclusionary clause here involved was held not applicable and the insurer liable. In that case Zimmerman, the

insured, and the Gants occupied the same house until the Gants could move into a house they had rented before moving from another state. Mrs. Gant was a sister of the insured. Zimmerman's wife and the Gants thereafter occupied the house for about a month. Zimmerman himself spent one or two nights there. Meals were prepared separately by the two families. As stated in the opinion, the arrangement was purely temporary and the two families "were about as separate as two families could be in a crowded condition like this."

In Kirk v. State Farm Mutual Automobile Insurance Company, 200 Tenn. 37, 289 S. W. (2d) 538, the wife of the insured attempted to recover on the ground that when the accident occurred she was riding with her husband's permittee who became an additional insured. It is not insisted here that Mrs. Gail Dressler was not insured under the policy. The Kirk case is of no aid in determining the question, what constitutes a family or household, since unquestionably the wife of an insured must be so classified.

■■ Clauses in insurance contracts excluding from coverage members of the insured's family or household are valid and binding. Whether in a given situation the exclusion applies must depend in the final analysis upon the peculiar relationship of the parties. Generally, such clauses are construed strictly against the insurer but in the light of the evident purpose to exclude claims by persons in whose favor the insured would naturally be inclined to color the circumstances surrounding the accident giving rise to the claim. 5A Am. Jur. 109, Automobile Insurance, Section 108; Tomlyanovich v. Tomlyanovich, 239 Minn. 250, 58 N. W. (2d) 855, 50 A. L. R. (2d) 108, Anno. p. 120.

In connection with the above cited annotation cases holding the exclusion applicable and others holding it inapplicable are collated and digested. See also the later case of Kelso v. Kelso (Mo.), 306 S. W. (2d) 534, 71 A. L. R. (2d) 258. In Tomlyanovich v. Tomlyanovich, supra, preceding the annotations, the insured and the injured party were brothers, both of whom lived in the home of their parents as members of the family, receiving their meals, laundry and the free use of the house. Notwithstanding each of the brothers paid board to the parents, the injured brother was held to be excluded as "a member of the family of the insured residing in the same household." The opinion reviews at length the authorities defining "family" and "household". A synopsis of these cases seems to be that, as applied to policies like the present, a "household" is a group of persons living together as a family under one roof and that the term "family" is not given a narrow meaning but is a flexible term. Most of the cases cited in the opinion hold that the two terms are largely synonymous except that "family" implies a relationship by blood or marriage and has been held not to exclude an emancipated adult child or the parent of such a child. After reviewing the authorities, the author of the opinion states:

"The above cases illustrate the danger of attempting to apply a definition of 'family' to a case involving an entirely different situation from the one in the case in which it has been defined without regard to the purpose intended to be accomplished by the sentence or clause in which the word is used. The obvious purpose of the clause here involved is to exempt the insurer from liability to those persons to whom the insured, on account

of close family ties, would be apt to be partial in case of injury.''

It is to be seen that no rule applicable alike to all cases can be formulated. Each case must be decided upon its own particular facts. Running through the cases, however, where a family relationship has been held to exist are such things as having the free use of the house, sharing expenses, cooking together and eating together at a common table. And, of course, the relationship of parent and child may be presumptive of a family relationship even though the child be an adult and married with children of his or her own.

Bearing in mind that the purpose of the exclusion is to relieve the insurer of liability to persons the insured would be prone to favor and applying the guides usually applied by the Courts in such cases, above discussed, we are of opinion the Chancellor was correct in his determination of the present cases. The decree is, accordingly, affirmed.

Cooper, J., and Taylor, Special Judge, concur.