**Earnest Douglas PURDY, Appellee,**

v.

**TENNESSEE FARMERS MUTUAL INSURANCE COMPANY, Appellant.**

Court of Appeals of Tennessee, Eastern Section.

May 25, 1979.

Certiorari Denied by Supreme Court Aug. 27, 1979.

Higgins, Biddle & Chester, Athens, for appellant.

Carter, Reid, Harrod & Allen, Athens, for appellee.

## OPINION

PARROTT, Presiding Judge.

Tennessee Farmers Mutual Insurance Company has appealed from the circuit judge's (sitting without a jury) finding its homeowners policy issued to Earnest Douglas Purdy afforded coverage for four wheels and tires stolen from the insured's yard.

The single assignment insists the circuit judge erred in holding the insurance company liable under the homeowner's policy for the theft loss of the four tires and wheels.

There is little or no dispute as to the facts. It is stipulated the policy was in force and contained a $100.00 deductible clause. It is further stipulated that the value of the tires and wheels was $396.20. On Friday, April 14, Earnest Douglas Purdy purchased four wheels and new tires which were put on his wife's car. The tires and wheels removed from the car were placed approximately four feet from his carport and were stolen on the following Saturday night or Sunday morning.

The insurance company's denial of coverage is based on the insuring clause of the policy and an exclusion. The insuring clause contains the following language:

This policy covers unscheduled personal property *usual or incidental to the occupancy of the premises as a dwelling* and owned or used by an Insured, while on the described premises . . .." (Emphasis supplied.)

The exclusionary clause is as follows:

This coverage excludes: . . . (2) *motorized vehicles*, except such vehicles pertaining to the service of the premises and not licensed for road use. (Emphasis supplied.)

The insurance company argues that the phrase "usual or incidental to the occupancy of the premises as a dwelling" does not and never was intended to include such things as wheels and tires. It is argued that "usual" means items at the premises such as stoves, chairs, beds, clothing and other furniture, and that it would be unusual to find that automobile tires and wheels are usual or incidental to the occupancy of a dwelling.

American Heritage Dictionary defines "usual" as: "Such as is commonly or frequently encountered, experienced, observed, or used; ordinary; normal." Incidental is defined as: "Occurring as a fortuitous or minor concomitant."

■ It is fundamental that the terms of a contract of insurance are to be construed according to their plain, ordinary, and popular sense unless the words have acquired a technical sense by commercial usage. *Lewellyn v. State Farm Mutual Auto. Ins. Co.,* 222 Tenn. 542, 438 S.W.2d 741 (1969); *Swindler v. St. Paul Fire & Marine Ins. Co.,* 223 Tenn. 304, 444 S.W.2d 147 (1969).

■ Further, it is well settled that if the language of the policy is ambiguous, the policy must be construed in favor of the insured and against the insurer. However, courts are not permitted to create an ambiguity where none exists. *Brown v. Tenn. Auto. Ins. Co.,* 192 Tenn. 60, 237 S.W.2d 553 (1951); *American Employers Ins. Co. v. Knox-Tenn Equipment Co. et al.,* 52 Tenn. App. 643, 377 S.W.2d 573 (1963).

■ To us the words "usual" and "incidental" used in the insuring clause are words which include many, many items. Appellant argues that the use of the words "usual" and "incidental" to a dwelling are plain language and express an intent to limit coverage of personal property. We do not agree with this insistence. The insurance company's usage of these words does not appear to us to be an attempt to limit coverage but has afforded a very broad coverage. It is true that automobile wheels and tires are not items usual or incidental to the occupancy of a premise as are stoves, chairs, beds, clothing, etc., but automobile tires and wheels and other automobile accessories are commonly found stored on the premises of a dwelling. Certainly, automobiles and their accessories are items that are usually used in connection with a dwelling. It is our opinion that the language used in the insuring clause is broad enough to encompass items such as automobile wheels and tires stored at or in the dwelling.

■ The insurance company argues that if the wheels and tires are to be included in the insurance clause, then coverage is denied under the exclusionary clause. It is claimed that the language specifically excludes motorized vehicles and, by implication, any part thereof is excluded. We cannot agree with this contention. We do agree that accessories or component parts attached to a motorized vehicle are excluded, but once these accessories or parts are removed from the vehicle, the clause does not exclude coverage. The insurance company could have easily drafted the exclusionary clause so as to include not only motor vehicles but any part thereof attached or unattached. Like ambiguities, exclusionary clauses in insurance policies or any provision limiting liability of the insurer is construed most strongly against the insurer. *Travelers Ins. Co. v. Aetna Cas. & Surety Co.,* 491 S.W.2d 363 (Tenn.1973); *Dressler v. State Farm Mutual Auto. Ins. Co.,* 52 Tenn.App. 514, 376 S.W.2d 700 (1963).

For the reasons given, the judgment entered below is affirmed with costs of this appeal taxed to appellant.

SANDERS and FRANKS, JJ., concur.