IN THE COURT OF APPEALS OF TENNESSEE

| | |
|---|---|
| WENDY SETTERS, individually and as the parent of the minors, Melanie Ann Setters and Nicole Krystal Setters,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>PERMANENT GENERAL ASSURANCE CORPORATION,<br><br>Defendant-Appellee,<br><br>and<br><br>WILLIAM B. SETTERS,<br><br>Defendant. | C/A NO. 03A01-9605-CV-00161<br>McMINN COUNTY CIRCUIT COURT<br><br>**FILED**<br><br>**October 1, 1996**<br><br>**Cecil Crowson, Jr.**<br>**Appellate Court Clerk**<br><br><br><br>HONORABLE JOHN B. HAGLER, JR.,<br>JUDGE |

For Appellant

E.L. PARKER, III
Etowah, Tennessee

For Appellee

JERRY M. MARTIN
Knoxville, Tennessee


O P I N I O N


AFFIRMED AND REMANDED                                        Susano, J.

This is a declaratory judgment action. In the complaint, Wendy Setters (Mrs. Setters) seeks a declaration that an exclusion in her automobile insurance policy is invalid as against public policy; and, alternatively, that the exclusion, due to an ambiguity in the insurance policy, is unenforceable against her. The subject provision excludes the extension of liability coverage to an insured when that person's negligence causes injury to a family member. Relying on this exclusion, the defendant, Permanent General Assurance Corporation (Permanent General), denied coverage with respect to claims asserted by Mrs. Setters individually and on behalf of her children arising solely out of injuries sustained by the children in an automobile accident. The accident was caused, in part, by the negligent driving of her husband. The trial court granted Permanent General's motion for judgment on the pleadings, finding the exclusion to be "valid, enforceable and not violative of the public policy" of Tennessee. Plaintiff appeals, raising two issues that present the following questions:

> 1. Is a provision in an automobile insurance policy excluding coverage for liability to a "family member" violative of the public policy of Tennessee?
>
> 2. Is the liability coverage in the subject policy ambiguous so as to warrant a strict construction against Permanent General?

2

I

Our review in this case is governed by well-established rules:

> [W]e are bound to treat as false all allegations of...the moving party, which are denied, and as true all well-pleaded allegations contained in the pleadings of...the opponent of the motion. See *Trigg v. Middle Tenn. Elec. Membership Corp.*, 533 S.W.2d 730, 732-33 (Tenn. App. 1975). In other words, on an appeal from an order allowing a judgment on the pleadings...all well-pleaded facts and all reasonable inferences drawn therefrom must be accepted as true. *Trigg* at 733 (citing *Darwin v. Town of Cookeville*, 170 Tenn. 508, 97 S.W.2d 838 (1936); *Rodgers v. Rodgers*, 53 Tenn. 489 (1871)). Conclusions of law are not admitted nor should judgment on the pleadings be granted unless the moving party is clearly entitled to judgment. *Trigg* at 733.

*McClenahan v. Cooley*, 806 S.W.2d 767, 769 (Tenn. 1991). Thus, in the instant case we accept as true all well-pleaded facts in the complaint. We must then determine whether, on the face of that pleading, the plaintiff is entitled to move forward. Against this background, we begin our analysis.

II

Permanent General issued to Mrs. Setters and her husband, William Setters, an automobile insurance policy. The policy includes liability insurance coverage for "'bodily injury'

3

or 'property damage' for which any 'insured' becomes legally responsible." The policy defines "insured" in part as "you or any 'family member.'" It further provides that Permanent General has "no duty to defend any suit or settle any claim for 'bodily injury' or 'property damage' not covered under this policy." The policy contains a number of exclusions. One of these exclusions is stated as follows:

> A. We do not provide Liability Coverage
> for any person:
>
> \*   \*   \*
>
> 10. For bodily injury to you or any "family
> member."

The term "family member" is defined in the policy as

> a person related to you by blood, marriage or
> adoption who is a resident of your household.
> This includes a ward or foster child.

Soon after the policy went into effect, Mr. Setters was driving an automobile when he was involved in a collision with another vehicle. The accident was caused, at least in part, by his negligence. The Setters' minor children, Melanie Ann Setters and Nicole Krystal Setters, were passengers in Mr. Setters' car and were injured in the accident. Mrs. Setters subsequently made demand upon Permanent General for payment of damages sustained as a result of the children's injuries. Based upon the "family

4

member" exclusion in the policy, Permanent General refused to honor her claims and this litigation resulted.

### III

The first issue raised by Ms. Setters is whether enforcement of the policy's exclusion of liability coverage for injuries to a family member violates the public policy of Tennessee. She argues that by excluding "innocent victims from coverage" and "unfairly exposing the insured to liability without coverage," this exclusion contravenes the public policy of Tennessee, as expressed in the Financial Responsibility Law of 1977, as amended (the Act), T.C.A. § 55-12-101 *et seq.* In her brief, she primarily relies upon a case from Washington, *Mutual of Enumclaw Ins. Co. v. Wiscomb*, 634 P.2d 441 (Wash. 1982). In that case, the Supreme Court of Washington declared that these types of family member exclusions were void as against the public policy of that state. With all due deference to that court and its reasoning, we find that the law of this jurisdiction is otherwise.

Tennessee courts have consistently held that family member exclusions in liability insurance policies are valid. *See e.g., Holt v. State Farm Mut. Auto. Ins. Co.*, 486 S.W.2d 734, 735 (Tenn. 1972); *Omaha Property & Casualty Ins. Co. V. Johnson*, 866 S.W.2d 539, 541 (Tenn. App. 1993); *Beef N' Bird of America, Inc. v. Continental Casualty Co.*, 803 S.W.2d 234, 237 (Tenn. App.

5

1990); and *Dressler v. State Farm Mut. Auto. Ins. Co.*, 376 S.W.2d 700, 702 (Tenn. App. 1963). In *Holt*, the Supreme Court reaffirmed the holding of *Dressler* that

> [c]lauses in insurance contracts excluding from coverage members of the insured's family or household are valid and binding.

*Holt*, 486 S.W.2d at 735 (quoting *Dressler*, 376 S.W.2d at 702). In more general terms, the courts of this state have held that "clearly worded exclusion[s]" that limit, but do not completely negate, other general provisions within a policy, are not contrary to public policy. *Beef N' Bird of America*, 803 S.W.2d at 237.

This court addressed a case similar to the instant case in the unreported case of *J.C. Penney Casualty Ins. Co. v. Douglas*, C/A No. 01A01-9010-CH-00338, 1991 WL 3311 (Tenn. App., M.S., filed January 18, 1991, Cantrell, J.). That case involved two questions: whether the insured's stepson fell within a family member exclusion similar to the one at issue here, and whether such a clause was violative of public policy. As is the case here, the family member exclusion was alleged to be in conflict with the policy underlying the Act. The court in *J.C. Penney* held that the stepson fell within the exclusion; and that the policy was consistent with the Act's mandates with respect to proof of financial responsibility. *Id.* 1991 WL 3311 at *4. The court also noted that a court's authority to declare public

policy is clearly circumscribed. *Id.* 1991 WL 3311 at *3. As stated by the Supreme Court in *Smith v. Gore*, 728 S.W.2d 738 (Tenn. 1987),

> [t]he Court is not free to establish what its members believe to be the best policy for the State; rather, we must determine where public policy is to be found, what the specific public policy is, and how it is applicable to the case at hand. Ordinarily, the Court is not the institution that is called upon to divine the nature of public policy in its most general terms; this Court usually decides whether or not any controlling public policy has been established or declared and then determines how it applies to a particular case.

*Id.* at 746. These principles were followed by the court in *J. C. Penney*, and we believe they control here.

The legislative branch is vested with the primary authority to establish public policy. *Crawford v. Buckner*, 839 S.W.2d 754, 759 (Tenn. 1992)(citing *Hyde v. Hyde*, 562 S.W.2d 194, 196 (Tenn. 1978)). We believe that any determination that family member exclusions are violative of public policy must be left to the General Assembly. We note that body has had ample opportunity to address this issue in the Act and elsewhere, yet has failed to do so.

The recent case of *Broadwell by Broadwell v. Holmes*, 871 S.W.2d 471 (Tenn. 1994), does not compel a contrary

7

conclusion. There the Supreme Court limited parental immunity, holding that

> [p]arental immunity in Tennessee is limited to conduct that constitutes the exercise of parental authority, the performance of parental supervision, and the provision of parental care and custody.

*Id*. at 476-77. The *Broadwell* case followed on the "heels" of the abolition of the doctrine of spousal immunity in the Supreme Court case of *Davis v. Davis*, 657 S.W.2d 753 (Tenn. 1983). Ms. Setters argues that these decisions should be "logically" extended to invalidate any clause in an insurance policy that excludes liability coverage for injuries to a spouse or other family member. We disagree.

The case of *Elam v. Protective Ins. Co. and Permanent General Assurance Corp.*, 1987 WL 13829 (Tenn. App., W.S., filed July 16, 1987, Nearn, J.), *rev'd on other grounds*, 1990 WL 458 (Tenn., filed January 8, 1990, not designated for publication, O'Brien, J.), addressed the effect of *Davis'* abolition of spousal immunity on a family member exclusion in an insurance policy that operated to deny liability coverage to a wife whose husband was injured as a result of the former's negligence. The court found that the *Davis* decision, which addressed whether one spouse could bring an action against the other in tort, had no bearing on that case, which, as here, involved the interpretation of a contract of insurance. *Elam*, 1987 WL 13829 at *2. The court went on to

8

state that "spousal exclusion provisions in a liability policy are not violative of public policy." *Id.* (citing *Dressler v. State Farm Mut. Auto. Ins. Co.*, 376 S.W.2d 700 (Tenn. App. 1963)).

*Elam* is analogous to the case at hand. In our judgment, the decisions in *Broadwell* and *Davis*, which Ms. Setters asks that we extend to invalidate the family member exclusion here, do not have the "elasticity" suggested by her. We do not read *Broadwell* to require invalidation of this exclusionary provision on public policy grounds. Furthermore, cases decided subsequent to *Broadwell* have upheld similar family member exclusions, without expressing any reservations based on public policy grounds. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Dotson*, C/A No. 02A01-9407-CV-00166, 1995 WL 548784 (Tenn. App., W.S., filed September 18, 1995, Highers, J.) and *Allstate Ins. Co. V. Summers*, C/A No. 01A01-9407-CV-00361, 1994 WL 719839 (Tenn. App., M.S., filed December 30, 1994, Lewis, J.). The court in *Dotson* affirmatively stated that "exclusionary provisions in automobile insurance policies are not inconsistent with the public policy of this state." *Dotson*, 1995 WL 548784 at *3.

An insurance policy must be construed in a reasonable, logical manner, so as to effectuate the intention of the parties. *J.C. Penney*, 1991 WL 3311 at *2. Parties to an insurance contract are free to contract as they see fit so long as they

9

remain within the bounds of law, including public policy. *Elam,* 1987 WL 13829 at *2. Given these considerations, and the authority in this state holding that family member exclusions in liability policies are consistent with the public policy of Tennessee, we hold that the exclusion at issue in this case is not contrary to public policy.

IV

Mrs. Setters' second issue raises the question of whether the terms of the policy create such an ambiguity as to require a strict construction in her favor. We do not find any ambiguity in the relevant provisions of the policy.

It is true that ambiguous provisions in an insurance policy are to be construed against the insurer; however, in the absence of any ambiguity,

> it is the duty of the Court... to take the ordinary meaning of the words used, favoring neither party in their construction... The courts cannot create an ambiguity where none exists.

*Omaha Property & Casualty Ins. Co.*, 866 S.W.2d at 541 (quoting *Winecoff v. Nationwide Mut. Ins. Co.*, 444 S.W.2d 84, 87 (Tenn. 1969) and *In re Clement's Estate*, 414 S.W.2d 644, 646 (Tenn. 1967)). In addition, as stated by this court,

> [s]o long as an exclusionary clause merely limits coverage and does not totally emasculate a previously stated coverage, this Court does not conceive a clearly worded exclusion to be repugnant to a previous general statement of coverage.

*Beef N' Bird*, 803 S.W.2d at 237. That is the situation now before us. The policy contains a statement of coverage, followed by a provision relieving Permanent General of the obligation to defend or settle claims that are not covered. It later enumerates certain exclusions, or specific circumstances under which the policy's liability coverage does not apply. We do not find these various provisions, when read together, to be ambiguous. There is coverage except when that coverage is expressly excluded.

We are without authority to "rewrite policies of insurance to provide coverage where no coverage was intended." *Spears v. Commercial Ins. Co. Of Newark, N.J.*, 866 S.W.2d 544, 548 (Tenn. App. 1993). Since we find no ambiguity in the relevant language of the policy here, we hold that Ms. Setters' second issue is also without merit.

The judgment of the trial court is affirmed. Costs on appeal are assessed to the appellant and her surety. This case is remanded to the trial court for collection of costs assessed there, pursuant to applicable law.

11

_____
Charles D. Susano, Jr., J.


CONCUR:


_____
Houston M Goddard, P.J.


_____
Herschel P. Franks, J.