# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
July 11, 2001 Session

## LINDA GREEN, M.D., ET AL. v. UNITED STATES AUTOMOBILE ASSOCIATION, ET AL.

### Appeal from the Chancery Court for Knox County
No. 146816-1      John F. Weaver, Chancellor
FILED AUGUST 16, 2001

### No. E2000-02713-COA-R3-CV

Linda Green, M.D., and Steve Ferguson, M.D. ("Plaintiffs"), who are married, filed a Complaint for Declaratory Judgment ("Complaint") against their automobile insurance carrier, United States Automobile Association, or USAA, regarding a dispute over the terms of their insurance policy ("Policy"). Plaintiff Green claimed coverage under their Policy's uninsured/underinsured motorist liability section for her physical injuries, medical expenses, and loss of income resulting from an automobile accident. Plaintiff Ferguson claimed coverage for loss of consortium. Defendant contends that the Policy limits Plaintiff Ferguson's loss of consortium claim to the $300,000 each person coverage already extended to Plaintiff Green. After Plaintiffs filed suit disputing this interpretation of the Policy, Defendant filed a Motion for Summary Judgment which was granted by the Trial Court. Plaintiffs appeal. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed.

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

Celeste H. Herbert and W. Tyler Chastain, Knoxville, Tennessee, for the Appellants, Linda Green, M.D., and Steve Ferguson, M.D.

James E. Wagner, Knoxville, Tennessee, for the Appellee, United Services Automobile Association.

## OPINION

### Background

In April 1999, Plaintiffs Linda Green and Steve Ferguson and their two minor children were involved in an automobile accident with another vehicle. As a result of this accident, Plaintiff Green suffered serious physical injuries. Plaintiffs' automobile insurance policy was with the Defendant, United States Automobile Association. The driver of the other vehicle was insured by Farmers Insurance Group.

Plaintiffs' Policy with Defendant provides, in pertinent part, as follows:

**DEFINITIONS** . . .

E. **Bodily Injury** (referred to as **BI**) means bodily harm, sickness, or disease, including death.

\* \* \* \* \* \* \*

**[PART C.  UNINSURED MOTORISTS COVERAGE]** . . .

**INSURING AGREEMENT**
We will pay compensatory damages which a **covered person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:

1.      **BI** sustained by a **covered person** and caused by an accident . . . .

**LIMIT OF LIABILITY**
a.  For **BI** sustained by any one person in any one accident, our maximum limit of liability for all resulting damages, including, but not limited to, all direct, derivative or consequential damages recoverable by any persons, is the limit of **BI** liability shown in the Declarations for "each person" for UM Coverage.  Subject to this limit for "each person", our maximum limit of liability for all damages for **BI** resulting from any one accident is the limit of **BI** liability shown in the Declarations for "each accident" for UM Coverage.  The limit of **PD** liability shown in the Declarations for "each accident" for UM Coverage is our maximum limit of liability for all **PD** resulting from any one accident.  This is the most we will pay regardless of the number of **covered persons**, claims made, vehicles or premiums shown in the Declarations or vehicles involved in the accident.

(emphasis in original).  The Policy's Declarations showed that Plaintiffs had uninsured motorist coverage limits for bodily injury claims of $300,000 for each person and $500,000 for each accident.

Plaintiffs averred in their Complaint that Farmers Insurance paid Plaintiff Green the full "per person" limits under its liability coverage in the amount of $100,000. Plaintiffs claimed that because their damages exceeded Farmers' limits, they were entitled to uninsured/underinsured motorist ("UM") coverage under their Policy with Defendant. Plaintiffs' coverage under the Policy for Plaintiff Green is not in dispute in this appeal.

Defendant, however, refused Plaintiff Ferguson's attempt to make a separate claim for loss of consortium under the Policy's UM coverage. Defendant tendered one "each person" policy limit of $300,000 for *both* Plaintiffs' claims. In short, Plaintiffs claim they have coverage under their Policy for Plaintiff Green's injuries up to $300,000 and for Plaintiff Ferguson's loss of consortium claim up to a separate $300,000. Defendant argues that Plaintiff Ferguson's consortium claim is limited to the same coverage limitation for the bodily injuries suffered by Plaintiff Green, resulting in a cap of $300,000 of coverage for both Plaintiffs' claims.

Thereafter, Plaintiffs filed a Complaint for Declaratory Judgment under Tenn. Code Ann. § 29-14-101, et seq., against Defendant, alleging a dispute over the Policy's language regarding Plaintiff Ferguson's loss of consortium claim. Defendant filed a Motion for Partial Dismissal and/or Motion for Summary Judgment ("Motion for Summary Judgment"). As grounds for its Motion, Defendant contended that under the Policy language, Plaintiff Ferguson's loss of consortium claim was a "derivative claim and subject to the same 'each person' limit of the uninsured motorist coverage" as Plaintiff Green, a cap of $300.000. In response, Plaintiffs argued that summary judgment was not appropriate because the Policy is ambiguous with respect to its treatment of loss of consortium claims, and, therefore, Plaintiff Ferguson's loss of consortium claim was a separate claim under the Policy. The Trial Court granted Defendant's Motion for Summary Judgment, and made a Tenn. R. Civ. P. 54.02 determination that the Order was final as to the matters addressed in the Order and there was no just reason for delay. Plaintiffs appeal. We affirm.

## Discussion

On appeal and although not stated exactly as such, Plaintiffs contend that the Trial Court erred in granting summary judgment to Defendant for the following reasons: 1) since the Policy does not specifically exclude or include consortium claims from its definition of Bodily Injury, it is ambiguous; 2) Tennessee courts have treated loss of consortium claims both as derivative and separate claims; and 3) Plaintiff Ferguson's claim was, therefore, a separate claim.

Our Supreme Court outlined the standard of review of a motion for summary judgment in *Staples v. CBL & Assoc.*, 15 S.W.3d 83 (Tenn. 2000):

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the

requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn.1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn.1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn.1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn.1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn.1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn.1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn.1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Robinson v. Omer*, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995).

*Staples*, 15 S.W.3d at 88-89.

The record shows that the material facts of this case are undisputed. In addition, our Supreme Court recognized that "issues relating to the scope of [insurance] coverage . . . present

-4-

questions of law." *Standard Fire Ins. v. Chester O'Donley & Assoc., Inc.*, 972 S.W.2d 1, 6 (Tenn. Ct. App. 1998). Accordingly, our review concerns whether Defendant is entitled to judgment as a matter of law. *Id.*; Tenn. R. Civ. P. 56.04. Therefore, we will conduct a *de novo* review of the Trial Court's conclusions of law with no presumption of correctness of the Trial Court's decision. *Ganzevoort v. Russell*, 949 S.W.2d 293, 296 (Tenn. 1997).

"In general, courts should construe insurance contracts in the same manner as any other contract." *American Justice Ins. Reciprocal v. Hutchison*, 15 S.W.3d 811, 814 (Tenn. 2000). In interpreting the Policy, this Court's task is to determine the intention of the parties, and view the "[t]he language of the policy . . . in its plain, ordinary and popular sense." *Id.; Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999). Accordingly, this Court has held:

> [an insurance policy] should not be given a forced, unnatural or unreasonable construction which would extend or restrict the policy beyond what is fairly within its terms, or which would lead to an absurd conclusion or render the policy nonsensical and ineffective.

*Dixon v. Gunter*, 636 S.W.2d 437, 441 (Tenn. Ct. App. 1982) (citing 44 C.J.S. *Insurance* § 296); *see also Demontbreun v. CNA Ins. Co.*, 822 S.W.2d 619, 621 (Tenn. Ct. App. 1991) (holding that an insurance policy should not be construed to extend "coverage beyond its intended scope"). This Court has a "duty to enforce contracts according to their plain terms[,]" and we are "precluded from creating a new contract for the parties." *Bob Pearsall Motors, Inc. v. Regal Chrysler-Plymouth, Inc.*, 521 S.W.2d 578, 580 (Tenn. 1975).

An insurance policy's language is ambiguous if it "is susceptible of more than one reasonable interpretation . . . ." *American Justice Ins. Reciprocal v. Hutchison*, 15 S.W.3d at 815. The courts, however, should "avoid strained constructions that create ambiguities where none exist." *Marshall v. Jackson & Jones Oils, Inc.*, 20 S.W.3d 678, 682 (Tenn. Ct. App. 1999). Moreover, "[a]ll provisions in the contract should be construed in harmony with each other, if possible, to promote consistency and to avoid repugnancy between the various provisions of a single contract." *Guiliano v. Cleo, Inc.*, 995 S.W. 2d at 95.

A loss of consortium claim is "'a derivative claim in that the physical injuries or incapacities of one's spouse give rise to and establish the claim.'" *Tuggle v. AllRight Parking Sys., Inc.,* 922 S.W.2d 105, 108 (Tenn. 1996) (quoting *Jackson v. Miller*, 776 S.W.2d 115, 117 (Tenn. Ct. App. 1989)). However, a person's "right to recover for loss of consortium is a right independent of the spouse's right to recover for the injuries themselves." *Swafford v. City of Chattanooga*, 743 S.W.2d 174, 178 (Tenn. Ct. App. 1987); *see also* Tenn. Code Ann. § 25-1-106 (providing that "[t]here shall exist in cases where such damages are proved by a spouse, a right to recover for loss of consortium").

The Trial Court, in granting Defendant's Motion for Summary Judgment, indicated in its Order that it was relying upon a decision of this Court, *Carter v. USAA Prop. & Cas. Ins.*, No.

03A01-9810-CV-00327, 1999 WL 652423 (Tenn. Ct. App. Aug. 24, 1999). USAA was the insurance carrier and defendant both in *Carter* and in this case. The insurance policy in *Carter* contained the identical language found in the Policy in this case. *Id.*, at \*2. The issue in *Carter* was the same as in this case, that is, whether a loss of consortium claim is subject to the "each person" limit of liability for Bodily Injury to one person. *Id.*, at \* 2-3. In *Carter*, this Court held that a loss of consortium claim is a derivative claim "in the sense that the injuries to his or her spouse are an element that must be proved. . . ," but recognized that the right to pursue this type of claim is "independent of the spouse's right to recover for the injuries." *Id.*, at \*3. This Court, however, went on to hold that the Policy's language, when given its ordinary and natural meaning, limited the liability of USAA to the "each person" limit for injury to one person, citing the language found in the Policy's UM Limits of Liability section.

Plaintiffs correctly point out that the Policy's definition of Bodily Injury does not specifically include or exclude loss of consortium claims. We disagree, however, with Plaintiffs' argument that this creates an ambiguity in the Policy. The UM Limit of Liability section clearly provides that the "maximum limit of liability for *all resulting damages,* including, but not limited to, all direct, *derivative or consequential damages* recoverable by *any* persons, is the limit of BI liability . . . for 'each person' . . . ." (emphasis added). The Policy, when "taken and understood in its plain, ordinary and popular sense. . . ," provides that Plaintiff Green has coverage for her Bodily Injury and that "all resulting damages" sustained by her or "any persons", including Plaintiff Ferguson, are subject to the "each person" UM limit. *American Justice Ins. Reciprocal v. Hutchison*, 15 S.W.3d at 814. We hold that Plaintiff Ferguson's loss of consortium claim falls squarely within the Policy language, "resulting damages, . . . derivative or consequential damages . . ." and that to hold otherwise would extend the Policy "beyond what is fairly within its terms . . . ." *Dixon v. Gunter*, 636 S.W.2d at 441. If Plaintiffs wanted separate recovery for a loss of consortium claim, they and Defendant were "free to contract as they [saw] fit so long as they remain[ed] within the bounds of law, including public policy." *Setters v. Permanent Gen. Assurance Corp.*, 937 S.W.2d 950, 953 (Tenn. Ct. App. 1996). Accordingly, we agree with Defendant and the Trial Court that our decision in *Carter* is both correct and directly on point. We affirm the Trial Court's grant of summary judgment to Defendant.

## CONCLUSION

The judgment of the Trial Court is affirmed and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion, and for collection of the costs below. The costs on appeal are assessed against the Appellants, Linda Green, M.D., and Steve Ferguson, M.D., and their surety.

_____

D. MICHAEL SWINEY, JUDGE