**DEPOSITORS INSURANCE COMPANY, Plaintiff,**

v.

**ESTATE OF Timothy A. RYAN, III, Margaret Jean Ryan, and Andrew Ryan, Individually, and as father and personal representative of minor children, L.C.R. and T.W.R., Defendants.**

14–2277

United States District Court, W.D. Tennessee, Western Division.

Signed April 10, 2015

Edward Jason Ferrell, Brewer Krause Brooks Chastain & Burrow, Nashville, TN, for Plaintiff.

Scott B. Peatross, Bourland, Heflin, Alvarez, Minor & Matthews, PLC, Gary K. Smith, Karen M. Campbell, Gary K. Smith Law PLLC, Memphis, TN, for Defendants.

## ORDER GRANTING JUDGMENT ON THE PLEADINGS

SAMUEL H. MAYS, JR., UNITED STATES DISTRICT JUDGE

Plaintiff Depositors Insurance Company ("Depositors") brings this action under the Declaratory Judgment Act, 28 U.S.C. § 2201, against the Estate of Timothy A. Ryan, III (the "Estate"), Margaret Jean Ryan, and Andrew Ryan, individually, and as father and personal representative of two minor children, L.C.R. and T.W.R. (the "Grandchildren") (collectively, "Defendants"). (First Am. Compl., ECF No. 14.) Depositors seeks a declaratory judgment that Policy Number PPDM0023991331–1 (the "Policy") does not cover the Estate for Margaret Ryan's tort claims filed in state court. (First Am. Compl.) In its January 15, 2015 Order, the Court decided that Depositors has standing to sue and to seek a declaratory judgment. (Order, ECF No. 40 at 5.)

Before the Court is Depositors' December 22, 2014 Motion for Judgment on the Pleadings (the "Motion"). (Mot., ECF No. 35.) Margaret Ryan responded in opposition on January 15, 2015. (M.R. Resp., ECF No. 38.) Andrew Ryan responded on January 15, 2015, "adopt[ing] the Memorandum of Margaret Ryan." (A.R. Resp., ECF No. 39.) On January 22, 2015, the Estate responded, also adopting Margaret Ryan's memorandum. (Estate Resp., ECF No. 43.) On January 27, 2015, Depositors replied. (Reply, ECF No. 44.) For the following reasons, Depositors' Motion is GRANTED.

### I. Background

The Policy, which Depositors issued to Timothy A. Ryan, III ("Timothy Ryan") and Margaret Ryan, was in effect from September 13, 2009, to March 13, 2010. (First Am. Compl. ¶ 17; Policy, ECF No. 14–1.) On December 13, 2009, Timothy Ryan, his wife Margaret Ryan, and their Grandchildren were in an automobile accident in Tennessee. (Id. ¶ 12.) Timothy Ryan, who was driving the automobile, died shortly after as a result of acute myocardial infarction. (Id. ¶ 13.) Margaret Ryan and her Grandchildren were injured.

On December 1, 2010, Margaret Ryan and Andrew Ryan, individually and as father and personal representative of the Grandchildren, brought suit against the Estate in the Circuit Court for the Thirtieth Judicial District of Tennessee, at Memphis. (State Compl., ECF No. 14–2.) The state court complaint alleges several counts of negligence arising from the December 13, 2009 automobile accident, and seeks damages for physical and emotional pain and suffering. (First Am. Compl. ¶¶ 15–18.) Depositors has provided legal representation to the Estate in defending the state court action, but alleges that exclusions in the Policy preclude coverage for the damages Margaret Ryan seeks. (First Am. Compl. ¶ 30.) The state court action is currently pending.

The Policy provides:

INSURING AGREEMENT

A. We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. Damages include pre-judgment interest awarded against the "insured." We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.

(Policy at PageID 132.)

The Policy defines "insured" as:

1. You and any "family member" for the ownership, maintenance or use, including loading and unloading of any auto or "trailer."

(Id. at PageID 132.)

The Policy defines "you" as:

1. The "named insured" shown in the Declarations; and

2. The spouse if a resident of the same household.

(Id. at PageID 131.)

The Policy defines "family member" as:

F. "Family Member" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.

(Id. at PageID 110.)

The Policy also provides:

LIABILITY COVERAGE EXCLUSION ENDORSEMENT

LIABILITY COVERAGE

The following exclusion is added to Part A., Section A:

We do not provide Liability Coverage for any person for "bodily injury" to you or any "family member."

(the "Exclusion") (Id. at PageID 162.)

In its answer, the Estate does not deny the existence of the Policy or that the Policy contains the provisions above. (Estate Answer, ECF No. 22–1 at ¶¶ 21–23, 25, 27.) It does not deny that Margaret Ryan is listed on the Policy's "Declarations" page as a "named insured." (Id. at 24.)

## II. Jurisdiction and Choice of Law

As the Court determined in its January 15, 2015 Order, it has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and Tennessee substantive law applies. (See Order, ECF No. 40.)

## III. Standard of Review

■ The standard of review governing a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as the standard for a motion to dismiss under Rule 12(b)(6). Monroe Re-

tail, Inc. v. RBS Citizens, N.A., 589 F.3d 274, 279 (6th Cir. 2009) (internal citation omitted). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581 (6th Cir. 2007).

■ To survive a plaintiff's Rule 12(c) motion, a defendant's pleadings must contain sufficient facts "to 'state a [defense] that is plausible on its face' ". See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Bare allegations without a factual context do not create defenses that are plausible. Ctr. for Bio–Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 374 (6th Cir. 2011). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that [the defendant] has acted [ ]lawfully." Id. (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955).

## IV. Analysis

### A. Coverage

Depositors argues that the Policy provides no coverage for any judgment that Margaret Ryan might obtain against the Estate. (Mot. at 5.) It asserts that the Policy is unambiguous and that the Exclusion precludes coverage for the Estate on Margaret Ryan's state court claims because Margaret Ryan is a named insured, was a spouse of a named insured, and was a family member of a named insured. (Id. at 6.)

Defendants argue that the Policy is ambiguous and should be construed against Depositors as the drafter. (M.R. Resp. at 9–10.) They contend that the Policy appears to confer coverage in earlier sections, but the Exclusion appears to exclude coverage. (Id. at 9.) Defendants argue that the Policy provision entitled "TRANSFER OF YOUR INTEREST IN THE POLICY" could only be interpreted as "providing coverage to Ms. Ryan in the event of Mr. Ryan's death." (Id. at 9. See Policy at PageID 143.) Defendants also cite the Declarations page and argue that it appears to provide $300,000 in coverage for each person injured in an accident. (Id. at 9. See Policy at PageID 123.)

The question before the Court is whether the Policy covers the Estate for any judgment Margaret Ryan might obtain against it in the state court. (See First Am. Compl. at 9.) None of the provisions cited by the Defendants creates ambiguity.

■ It is standard practice for an insurance policy to provide coverage in one section and narrow that coverage through exclusions. "The insuring agreement establishes the outer limits of an insurer's contractual liability. Exclusions in the policy decrease coverage once coverage is found." Standard Const. Co. v. Maryland Cas. Co., No. 01-2006V, 2002 WL 1477886, at *6 (W.D. Tenn. May 15, 2002) aff'd, 359 F.3d 846 (6th Cir. 2004) (citing Standard Fire Ins. Co. v. Chester O'Donley & Associates, Inc., 972 S.W.2d 1, 7 (Tenn. Ct. App. 1998)).

■ The Exclusion, which provides, "We do not provide Liability Coverage for any person for 'bodily injury' to you or any 'family member,' " unambiguously excludes coverage for bodily injury to Margaret Ryan, a named insured and a family member under the Policy. (Policy at PageID 162.) The Exclusion also states that it is "added to Part A., Section A.," which is the "Insuring Agreement" section of the Policy.

In Setters v. Permanent Gen. Assur. Corp., 937 S.W.2d 950, 954 (Tenn. Ct. App. 1996), the court concluded that an identical exclusion was unambiguous and should be enforced. The exclusion in Setters provided:

A. We do not provide Liability Coverage for any person:

. . .

10. For bodily injury to you or any "family member."

Id. at 952.

■ "Tennessee courts have consistently held that family member exclusions in liability insurance policies are valid." Id. at 952 (collecting cases). " 'Clauses in insurance contracts excluding from coverage members of the insured's family or household are valid and binding.' " Holt v. State Farm Mut. Auto. Ins. Co., 486 S.W.2d 734, 735 (Tenn. 1972) (quoting Dressler v. State Farm Mut. Auto. Ins. Co., 52 Tenn.App. 514, 518, 376 S.W.2d 700, 702 (1963)).

Here, the Exclusion precludes coverage for any judgment that Margaret Ryan might obtain against the Estate.

### B. Affirmative Defenses

In their answers, Defendants raise affirmative defenses of laches, waiver, that the Exclusion is contrary to public policy, and that the Policy is a contract of adhesion. (A.R. Answer, ECF No. 20 ¶¶ 50–54; M.R. Answer, ECF No. 21–2 ¶¶ 49–53; Estate Answer ¶¶ 48–52.)

#### 1. Laches

■ To succeed on a laches defense, a defendant must establish (1) "inexcusable, negligent, or unreasonable delay on the party asserting the claim" and (2) resulting "prejudice to the defending party." Gleason v. Gleason, 164 S.W.3d 588, 592 (Tenn. Ct. App. 2004) (citing Archer v. Archer, 907 S.W.2d 412, 416 (Tenn. Ct. App. 1995)). Laches is an equitable doctrine that lies within the discretion of the court. Id. "In cases where delay in filing suit can be explained or justified, the defense of laches will not be applied." Ferguson Harbour Inc. v. Flash Mkt., Inc., 124 S.W.3d 541, 551 (Tenn. Ct. App. 2003) (citing Shell v. Law, 935 S.W.2d 402 (Tenn. Ct. App. 1996)).

■ Defendants argue that the delay in this case is unreasonable because Depositors "delayed in filing this Declaratory Judgment action for more than three years." (M.R. Resp. at 8.) Defendants cite no authority for the proposition that a delay of three years in filing a declaratory judgment action is unreasonable. The state case that is the basis for this action is still pending.

Defendants also fail to establish that the Estate has been prejudiced by Depositors' delay. Defendants argue that Margaret Ryan has been prejudiced in that she filed suit in state court against the Estate and incurred legal costs. Laches only applies to this case if the Estate has been prejudiced. The other defendants are included in the complaint "because of the possibility that their interests might be affected." (Reply at 3.) The issue before the Court is the extent of coverage to the Estate for Margaret Ryan's tort allegations in state court. Defendants have not argued that the Estate has been prejudiced. Margaret Ryan's argument about incurring legal costs does not apply to the Estate. Depositors has provided legal representation to the Estate in the state court proceedings, which are currently pending.

#### 2. Waiver

Defendants base their waiver argument on the Tennessee Supreme Court's decision in Bill Brown Const. Co. v. Glens Falls Ins. Co., 818 S.W.2d 1 (Tenn. 1991). In Bill Brown, the insurance agent, at the time the policy was issued, promised the insured he would have a "full coverage policy." Id. at 1–2. After an accident, the insurer denied the claim because the terms

of the policy limited coverage to "damage[ ] as a result of a collision involving the vehicle itself, as opposed to a collision involving only the cargo." Id. at 2. The court found that waiver applied because the insurance agent was acting as an agent of the insurer under Tennessee's agency statute, Tenn. Code Ann. § 56–6–147 (1989), which provided that:

> Every insurance agent or limited insurance representative who solicits or negotiates an application for insurance of any kind shall, in any controversy arising from the application for insurance or any policy issued in connection therewith between the insured ... and the insurer, be regarded as the agent of the insurer and not the insured or his beneficiary.[1]

Defendants argue that Depositors should be estopped from denying coverage because it sent a letter to Andrew Ryan in December 2009, a copy of which was also sent to Margaret Ryan, advising Andrew Ryan that Depositors had determined Timothy Ryan was not at fault in the wreck and, therefore, that the Policy would provide only $5000 in available medical coverage for the Grandchildren's injuries. (M.R. Resp. at 11; see Letter, ECF No. 38–2.) The letter also advised Andrew Ryan that "Tennessee has a 1 year statute of limitations concerning bodily injury claims." Defendants argue that, because the letter failed to notify Margaret Ryan that the Policy would not cover her potential tort claims, Depositors waived its right to deny coverage to the Estate for her claims. (M.R. Resp. at 11.)

██ The present case is distinguishable from Bill Brown. The insurance agent in Bill Brown affirmatively represented

that the insured had full coverage. Here, the letter cited by Defendants merely failed to address the issue of coverage to the Estate for potential claims by Margaret Ryan.[2]

To be estoppel by waiver, Depositors would have had to communicate any representation to the Estate, not Andrew Ryan or Margaret Ryan. The issue in this case is whether there is coverage for the Estate.

The terms of the Policy further preclude the application of the doctrine of waiver. The Policy provides:

> CHANGES
>
> This policy contains all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us. If a change requires a premium adjustment, we will adjust the premium as of the effective date of change.

(Policy at PageID 141.) "Tennessee decisions make clear that ... where the policy states that its terms can be amended or waived only by the company, the insured is charged with that knowledge and a claim for waiver by estoppel will not lie." Builders Mut. Ins. Co. v. Pickens, No. 3:13-CV-00022WOB-HBG, 2013 WL 3788225, at *3 (E.D. Tenn. July 18, 2013) (citing Finchum v. Patterson, No. M2007-00559-COA-R3-CV, 2008 WL 2019408, at *7–8 (Tenn. Ct. App. May 9, 2008); Reed v. Nat'l Found. Life Ins. Co., No. 03A01-9603-CV-00081, 1996 WL 718467, at *3–4 (Tenn. Ct. App. Dec. 16, 1996)).

### 3. Public Policy

██ In Setters, the court rejected the argument that a family member exclusion violates public policy. Setters, 937 S.W.2d

---

1. Section 56–6–147 was repealed in 2003 and replaced by § 56–6–115(b). The language in § 56–6–115(b) is substantially similar to that in the former agency statute for purposes of the holding in Bill Brown.

2. The December 2009 letter was sent before the filing of the state court tort suit.

at 952. "Given these considerations, and the authority in this state holding that family member exclusions in liability policies are consistent with the public policy of Tennessee, we hold that the exclusion at issue in this case is not contrary to public policy." Setters, 937 S.W.2d at 953. Defendants cite no authority to the contrary. The Exclusion in this case does not violate Tennessee's public policy.

### 4. Contract of Adhesion

■ That a contract is a contract of adhesion "is not ... determinative of the contract's enforceability. Enforceability generally depends upon whether the terms of the contract are beyond the reasonable expectations of an ordinary person, or oppressive or unconscionable." Buraczynski v. Eyring, 919 S.W.2d 314, 320 (Tenn. 1996).

Defendants cite no authority for the proposition that any term in the Policy violates the Buraczynski standard. They argue that the Exclusion is beyond the reasonable expectation of an ordinary person because it is on the last page of the Policy.

■ The terms of the Policy are not beyond the reasonable expectations of an ordinary person. Nor are they oppressive or unconscionable. The Exclusion is one of several amendments to the Policy, all included at the end of the Policy. The Exclusion includes a reference to the "Insuring Agreement," further alerting the policyholder of the Exclusion's relevance to the Policy's scope of coverage. That the Exclusion is located at the end of the Policy, along with the other amendments and endorsements, does not support a finding that it is beyond the reasonable expectations of an ordinary person or that it is oppressive or unconscionable.

### V. Conclusion

For the foregoing reasons, Depositors' Motion is GRANTED.

So ordered this <u>10th</u> day of April, 2015.