BEEF N' BIRD OF AMERICA, INC., for the use and benefit of Charles GALBREATH, Plaintiff,

and

Charles Galbreath, Individually, Plaintiff/Appellant,

v.

CONTINENTAL CASUALTY COMPANY, Defendant/Appellee.

No. 01–A–01–9004–CV–00132.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Oct. 10, 1990.

Permission to Appeal Denied by Supreme Court Dec. 31, 1990.

Charles Galbreath, Nashville, pro se.

Douglas Fisher, Howell, Fisher & Branham, Nashville, for defendant-appellee.

## OPINION

TODD, Presiding Judge.

The plaintiff, Charles Galbreath, has appealed from a non-jury judgment dismissing his suit for a loss from vandalism or malicious mischief allegedly covered by a policy of insurance issued by the defendant, Continental Casualty Company.

On appeal, plaintiff presents two issues, of which the first challenges the ruling of the Trial Court that the claimed loss was excluded from coverage by the terms of the policy.

### The Policy

The subject policy was issued to Beef N' Bird of Mid–America, Inc., and Beef N' Bird of Memphis, Inc., for the period of May 23, 1986 to July 18, 1986. Included in the "Description and Location of Property Covered" was:

7. On the frame approved roof bldg. occ. as a restaurant stand loc. 2008 Murfreesboro Rd. Nash. Tn

The policy contained a section entitled "All Risk Property Form" which included the following provisions:

C. Property Not Covered.

In addition to the kinds of property which are otherwise excluded or limited under this Coverage Part, the following are also excluded:

1. Growing crops, lawns, trees, shrubs and plants, except as otherwise provided in this Coverage Part.

F. Extensions of Coverage.

4. Trees, Plants, Lawns and Shrubs. This Coverage Part covers for an

amount not exceeding $2500 in total, nor more than $500 for any one tree, plant, lawn or shrub not being grown for commercial purposes, in any one occurrence against the following perils only:

... fire, lightning, windstorm and hail, explosion, smoke, vehicles or aircraft, riot and civil commotion, sprinkler leakage, *vandalism and malicious mischief*, sonic boom, leakage, falling objects, elevator collision and collapse of building *but excluding loss to such property outside of buildings by perils of windstorm and hail, damage by vehicles and vandalism and malicious mischief.* (Emphasis supplied)

Although plaintiff was not named in the policy, the Trial Court held that he was a third party beneficiary of the policy, and this ruling is not challenged on appeal.

### The Loss

On or about June 27, 1986, certain shrubs were removed from the premises surrounding the described building. None of the shrubs were inside the building. Plaintiff, being the owner of the property, replaced the shrubs at his expense.

### The Judgment of the Trial Court

The Trial Court held that the loss was excluded by the clear and unambiguous language of the policy, quoted above, and dismissed plaintiff's suit.

### The Plaintiff's Argument

On appeal plaintiff argues that the above quoted provisions of the policy are repugnant and that the repugnancy (ambiguity) must be interpreted in favor of the insured.

It facially appears that Section C of the policy, quoted above, excludes "lawns, trees shrubs and plants."

On the other hand, Section F appears to provide coverage of trees, plants, lawns and shrubs in respect to nineteen specified perils, including vandalism and malicious mischief; however, the same section excludes coverage of five of the perils, including vandalism and malicious mischief, if the damaged property is outside a building.

That is to say, the policy protects shrubs from all listed perils if they are inside a building, but only against a lesser number of the perils if the shrubs are outside a building.

Specifically, a shrub inside a building was insured against lightning, windstorm and hail, explosion, smoke, vehicles or aircraft, riot and civil commotion, vandalism and malicious mischief, sonic boom, leakage, falling objects, elevator collision, and collapse of the insured building. A shrub outside of the building was insured against lightning, explosion, smoke, aircraft, riot and civil commotion, sprinkler leakage, sonic boom, leakage, falling objects, elevator collision and collapse of insured building; but outside shrubs were not insured against windstorm and hail, vehicles, and vandalism and malicious mischief.

This Court does not interpret Section F4 as being repugnant or ambiguous. At no point does the policy insure shrubs against all perils under all conditions and thereafter exclude shrubs from all such coverage. The policy does insure shrubs against certain specified perils, but only under certain conditions (location inside a building); and the insuring sentence contains the exclusion of certain conditions (outside a building) as to certain perils, naming them.

Plaintiff argues that live plants are not ordinarily found inside buildings. On the contrary, it is well known that live plants and plantings of grass, shrubs and even trees decorate the inside of buildings, particularly "atriums" and glass-enclosed areas. It is reasonable and understandable that an insurer would be willing to insure plant life in such a protected environment for a nominal premium; whereas the protection of the same plant life from windstorm and hail, damages by vehicles, and vandalism and malicious mischief occurring outside an enclosure would be much more likely and would require a correspondingly greater premium.

In *Life & Casualty Ins. Co. v. Jett*, 175 Tenn. 295, 133 S.W.2d 997 (1939), cited by

plaintiff, the Supreme Court said that if provisions of a life insurance policy are repugnant, the insured must have the benefit of the ambiguity. It was insisted that the court construe a renewal provision so as to emasculate its effectiveness, but the Court declined to so construe the provision on the ground that it would create a repugnancy.

In *Citizens' Bank & Trust Co. v. Scott & Sanders*, 18 Tenn.App. 89, 72 S.W.2d 1064 (1933), the policy provided that it was void if the interest of the insured was other than unconditional sole ownership, yet the policy was issued to the insured as "trustee". The Court held that the issuance of the policy in the named insured as trustee was a waiver of the provision against conditional ownership.

In *Laurenzi v. Atlas Ins. Co.*, 131 Tenn. 644, 176 S.W. 1022 (1915), cited by plaintiff, the Supreme Court refused to hold that the effect of a standard mortgage clause had the effect of rendering it dormant until the rights of the principal insured were forfeited by some act or neglect of the principal insured. This ruling was made on the ground that such an interpretation would create a repugnancy between the policy and the mortgage clause. Other authorities discussed in *Laurenzi* are inconsistent with the facts of the present case.

■ Although ambiguous clauses should not be permitted to serve as traps for policy holders, it is equally important that policy provisions which are clearly and definitely set forth in appropriate language and upon which calculations of the insurer are based, should be maintained unimpaired by loose and ill-considered interpretations. *Berry v. Prudential Ins. Co. of America*, 23 Tenn.App. 485, 134 S.W.2d 886 (1939).

■ Where there is no ambiguity in an insurance policy, it is the duty of the Court to apply the words used in their ordinary meaning and neither party is to be favored in their construction. *Winecoff v. Nationwide Mutual Ins. Co.*, 223 Tenn. 267, 444 S.W.2d 84 (1969) and authorities cited therein.

■ So long as an exclusionary clause merely limits coverage and does not totally emasculate a previously stated coverage, this Court does not conceive a clearly worded exclusion to be repugnant to a previous general statement of coverage.

■ The exclusion of coverage of certain designated perils under a specified condition is not "repugnant" to a previous assurance of coverage of such perils under unspecified conditions.

Repugnant refers to that which is contrary to that stated before, or insensible. *Black's Law Dictionary*, Fourth Edition, p. 1467. Section F4 of the policy does not conform to this definition.

This Court concurs with the holding of the Trial Court that the claimed loss is excepted from coverage by a valid exclusionary clause.

### Second Issue

Plaintiff's second issue is as follows:

When the issue on appeal can be fully ventilated and decided by an appellate court from a narrative statement of the evidence and the trial judge's undisputed recorded findings, may the record be abridged and was it error for the trial court to order the appellant to pay appellee's contractual obligation to the court reporter for a transcribed record not needed on appeal?

The cause was heard by the Trial Court on September 5, 1989.

On October 27, 1989, the Trial Judge filed a detailed memorandum which contained findings of all facts relevant to the only issue on appeal, discussed above.

On November 8, 1989, final judgment was entered.

On November 22, 1988, plaintiff filed a notice of appeal.

On December 6, 1989, plaintiff filed a one page "Statement of the Evidence" and a "Description of Transcript" as follows:

The plaintiff, as required by T.R.A.P. 24(b) hereby states that he intends to include in the record his Statement of the Evidence and the Trial Court's memoran-

dum of findings of fact included therein rendered on the 27th day of October, 1989.

The issue the plaintiff intends to present on appeal is:

What is the meaning of the word "lawn" and is an ambiguity or repugnancy created by an insuring clause that covers loss to lawns due to vandalism but excludes loss to such property on the insured premises outside of buildings?

On December 19, 1989, defendant filed objections to plaintiff's statement of the evidence on the following grounds:

1. T.R.A.P. Rule 24(b) requires that, if a stenographic record of evidence is available, appellant must file a transcript of the portions of the trial which are relevant to the issues on appeal.

2. A stenographic record of the trial proceedings is available but has not been sought by appellant.

3. The statement filed by plaintiff omits the fact that plaintiff had no interest in the insured property and that the plants were removed by the vendor thereof and not destroyed.

4. A transcript of the pertinent testimony of Galbreath and Tulley is necessary to convey a fair, accurate and complete account of what transpired with respect to the issues which are the bases of appeal.

The objections request that plaintiff be required to have a proper stenographic report prepared and to pay the charges for court attendance of the stenographer and transcription.

Plaintiff's response to the objections was that the statement of the evidence was adequate for purposes of the single issue to be raised by plaintiff on appeal and that defendant had not raised any other issues.

On March 2, 1990, the Trial Judge entered the following order:

On December 5, 1989, Charles Galbreath, appellant, filed a "Statement of the Evidence."

On December 19, 1989, the appellee Continental Casualty Company filed its objections to the Statement of the Evidence.

The court has reviewed the appellee's objections to the Statement of the evidence and the Affidavit filed in connection with the objections.

The court finds that a stenographic report of the evidence is available.

Accordingly, pursuant to Rule 24(b) Tennessee Rules of Appellate Procedure the court orders that the appellant Charles Galbreath have prepared and that he file a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired at the trial with respect to those issues that are the bases of the appeal.

Defendant-appellee argues that, under T.R.A.P. Rule 24(c), a "statement of the evidence" is permitted only when a stenographic report, substantially verbatim recital or transcript of the evidence is not available and that, since a stenographic record and verbatim transcript was available, plaintiffs narrative statement of the evidence was not acceptable.

The objection states:

WHEREFORE, the appellee requests the court to require appellant Galbreath to comply with Rule 24(b) by having a stenographic report prepared of such part of the evidence as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of the appeal....

The order of the Trial Court, quoted above, finds that a stenographic report is available and orders the preparation and filing of a transcript in identical language to that of the objection, quoted above. However, there is no evidence of the resolution of the issue raised by plaintiff's insistence that the statement of the evidence filed by him was adequate for purposes of the sole issue raised upon appeal. Apparently, plaintiff did not pursue this issue, but caused a complete stenographic transcript to be prepared and filed.

The objection requested that plaintiff be required to pay the per diem of the stenog-

rapher and the cost of typing the transcript, but the order of the Trial Court is silent on this subject. By inference the order required the plaintiff to pay whatever was necessary for procurement of the required transcript, but there is no evidence of what payment was necessary, what was paid, or by whom.

This Court will undertake to resolve the second issue within the limitations of the record on appeal.

Section "F" of Tennessee Rules of Appellate Procedure is entitled "The Record on Appeal" and consists of Rules 24, 25 and 26. Rule 24 is entitled "Content and Preparation of the Record". Subsection 24(a) is entitled, "Content of the Record". Subsubsection 24(a)(3) refers to "the transcript or statement of the evidence and proceedings."

The second, unnumbered paragraph of subsection 24(a) states:

If less than the full record on appeal as defined in this subdivision is deemed sufficient to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal, the appellant shall, within 15 days after filing the notice of appeal, file with the clerk of the trial court and serve on the appellee a description of the parts of the record he intends to include on appeal, accompanied by a short and plain declaration of the issues he intends to present on appeal. If the appellee deems any other parts of the record to be necessary, he shall, within 15 days after service of the description and declaration, file with the clerk of the trial court and serve on the appellant a designation of additional parts to be included. All parts of the record described or designated by the parties shall be included by the clerk of the trial court as the record on appeal. The declaration and description of the parts of the record to be included on appeal provided in this subdivision may be filed and served with the declaration and description of the parts of the transcript to be included in the record provided in subdivision (b) of this rule.

Subsection 24(b) provides in pertinent part as follows:

(b) Transcript of Stenographic or Other Substantially Verbatim Recording of Evidence or Proceedings.—If a stenographic report or other contemporaneously recorded, substantially verbatim recital of the evidence or proceedings is available, the appellant shall have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. Unless the entire transcript is to be included, the appellant shall, within 15 days after filing the notice of appeal, file with the clerk of the trial court and serve on the appellee a description of the parts of the transcript he intends to include in the record, accompanied by a short and plain declaration of the issues he intends to present on appeal. If the appellee deems a transcript of other parts of the proceedings to be necessary, he shall, within 15 days after service of the description and declaration, file with the clerk of the trial court and serve on the appellant a designation of additional parts to be included. The appellant shall either have the additional parts prepared at his own expense or apply to the trial court for an order requiring the appellee to do so.

Subsection 24(c) provides in pertinent part as follows:

(c) Statement of the Evidence When No Report, Recital, or Transcript is Available.—if no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available, the appellant shall prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant or his counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 90 days after filing the notice of appeal.

Some difficulty is encountered as to the intent of the word, "available" as used in the preceding quotations.

Of course, if no record, stenographic or otherwise, was made of the proceedings, a verbatim transcript is unavailable.

If such a record was made, then it may or may not be available according to the circumstances. If made by a court employee as in criminal cases, then the record is presumed to be available absent unusual circumstances.

In civil cases, this Court notes judicially the practice of parties to engage and pay a stenographer a "per diem" to attend and record the evidence and proceedings. If only one party engages and pays the stenographer, it appears that the verbatim record of evidence and proceedings would be available to that party by contract. If more than one party jointly engage and pay the stenographer, it would appear that the verbatim record would be available to any one of the participating parties by contract. Inability of a participating party to pay for the transcription might make it unavailable to him.

A party who does not join in the engagement and payment of a stenographer has no contract right to require the stenographer to transcribe the record which is therefore unavailable to him unless and until made available to him on terms satisfactory to the stenographer and the party or parties who engaged the stenographer.

■ In the above view of the words "available" and "unavailable", this Court interprets Rule 24 to express a preference for a verbatim record if reasonably available, and an approval of other statements of evidence and proceedings if a verbatim record is not available.

■ The settlement of a bill of exceptions (transcript) is a high judicial function which can be performed only by the trial judge. *Anderson v. Sharp*, 195 Tenn. 274, 259 S.W.2d 521 (1953); *Rose v. Third National Bank*, 27 Tenn.App. 553, 183 S.W.2d 1 (1944), T.R.A.P. Rule 24(e).

■ The parties may differ on the issue of whether a verbatim record is available, and this difference should be settled by the Trial Court. Although not expressly stated in T.R.A.P., it is inherent and inferred from other express provisions that the requirement for filing within ninety days is satisfied by timely filing of a proposed transcript or statement of the evidence and proceedings, and that after such timely filing, objections, rulings thereon, and amendments and substitutions under orders of the Trial Court may properly occur after the expiration of the prescribed ninety day period.

■ Accordingly, if an appellant conceives that a verbatim transcript is unavailable to him, he may initially perform his duty by filing a narrative statement of the evidence and proceedings within ninety days after notice of appeal. If the appellee files timely objection and shows that a verbatim record is available to appellant, the Trial Court may require the production and substitution of a verbatim record instead of the informal narrative. This order and substitution may properly occur after the expiration of the ninety days prescribed for filing because it is a part of the process of resolving objections and settling the content of the record.

■ In ruling upon availability the Trial Judge may properly consider the financial ability of appellant to pay for the transcription of a verbatim record, the willingness of the stenographer and those who paid him to make the transcription available, and any other relevant circumstance.

■ In the settlement of the contents of the record, the Trial Judge should resolve any issues raised as to what parts of the record are necessary for the resolution of the questions to be raised on appeal.

Supreme Court Rule 3 requires counsel for the parties to abridge the record to exclude unnecessary parts. Rules 6(c) and 14 of the Rules of this Court provide for abridged records, T.R.A.P. Rule 24(a) and (b) provide for abbreviated records, and T.R.A.P. Rule 24(c) recognizes that an informal incomplete statement of the evidence may be acceptable if it is sufficient for consideration of the "bases of the appeal".

Reverting to the record of the present appeal, it appears that the stenographer was engaged by defendant, hence it initially appeared that his services were not available to plaintiff as a right of contract.

It appears that, within fifteen days after notice of appeal, plaintiff filed a document stating the single issue to be presented on appeal and undertook to limit the evidence on appeal to the findings of fact by the Trial Judge and an informal statement of the evidence filed the same date which concluded:

This was all the evidence adduced at the trial material to the issue on appeal in this cause.

Respectfully submitted,
Charles Galbreath
Attorney Pro Se

Rule 24(c), quoted above, requires an informal statement of the evidence to be "certified by the appellant or his counsel". It is arguable that the statement was not properly "certified", but this issue was not presented to the Trial Court or this Court.

The objections filed by defendant do assert that a verbatim transcript was available. The Trial Court so found and ordered plaintiff to procure a verbatim transcript "of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired at the trial with respect to those issues that are the bases of the appeal."

The objections of defendant did not assert that the statement of the evidence was inadequate for a review of the single issue previously stated by plaintiff. In truth, the findings of fact by the Trial Court, unchallenged in the Trial Court or in this Court, were adequate for review of the single issue, i.e., the validity of the exclusionary policy provision previously discussed. *J.C. Bradford & Co. v. Martin Construction Co.*, 576 S.W.2d 586 (Tenn.1979).

Defendant offered no additional issue to the Trial Court, but did complain of the omission of evidence relative to an issue which might have been but was not presented to this Court except by a casual reference thereto in the final sentence of defendant's brief.

The response of plaintiff to the objections of defendant to the statement of the evidence aptly states:

If counsel for plaintiff wishes to raise other issues on appeal, and it is not too late, he may have such portions of the court reporter's notes transcribed and filed that touches on such issues. The plaintiff does not want to appeal any of the rulings the court made favorable to his position, only the single ruling to the effect that an insurance policy may logically and lawfully insure a lawn only if it is inside a building.

### In Summary

The plaintiff was justified in filing a statement of the evidence because, at that time, the transcript was presumptively unavailable to him.

The defendant was justified in objecting to the informal statement of the evidence because the transcript had been (by then) made available to plaintiff.

The Trial Court was justified in requiring plaintiff to produce and file the necessary parts of the record, but should have been more specific as to what parts of the record were necessary.

The plaintiff was not justified in preparing a full record of all the evidence unless it was necessary for the consideration of the issue on appeal.

The extra expense of producing a full record was voluntarily incurred by plaintiff, and not chargeable to defendant.

This record contains no evidence of expense incurred.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the plaintiff. The cause is remanded to the Trial Court for such further proceedings, if any, as may be necessary and proper.

LEWIS and CANTRELL, JJ., concur.