# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs March 30, 2010

## STATE OF TENNESSEE v. KAREN KOONS

**Direct Appeal from the Circuit Court for Lawrence County**
**No. 27531     Robert L. Jones, Judge**

---

**No. M2009-01213-CCA-R3-CD - Filed June 29, 2010**

---

The Defendant-Appellant, Karen Koons, was convicted by a Lawrence County jury of driving under the influence, second offense, a Class A misdemeanor. She received a sentence of eleven months and twenty-nine days probation, following service of forty-five days in jail. On appeal, Koons challenges the sufficiency of the evidence. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Claudia S. Jack, District Public Defender; Richard H. Dunavant, Assistant Public Defender, Pulaski, Tennessee, for the Defendant-Appellant, Karen M. Koons.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; and Mike Bottoms, District Attorney General, for the Appellee, State of Tennessee.

## OPINION

**Facts**. The record does not include a transcript of the evidence. Koons, however, filed a statement of the evidence that summarized the trial testimony. Rule 24(c) of the Tennessee Rules of Appellate Procedure permits a defendant to file a statement of the evidence where a transcript of the evidence is unavailable. Nothing in the record indicates that a transcript of the evidence was unavailable; however, the State did not raise an objection. See Beef N' Bird of Am., Inc. v. Cont'l Cas. Co., 803 S.W.2d 234, 240 (Tenn. Ct. App. 1990) ("[I]f an appellant conceives that a verbatim transcript is unavailable to him, he may initially perform his duty by filing a narrative statement of the evidence . . . . If the appellee files timely objection and shows that a verbatim record is available to appellant, the

Trial Court may require the production and substitution of a verbatim record instead of the informal narrative."); see also State v. Billy Moss, No. 02C01-9206-CC-00134, 1993 WL 312700, at *1 (Tenn. Crim. App., at Jackson, Aug. 18, 1993), perm. to appeal denied (Tenn. Feb. 7, 1994). The trial court did not respond to Koons's statement of the evidence; therefore, it is deemed to have been accepted by the trial court. See T.R.A.P. 24(f).

Koons's statement of the evidence reads as follows:

In the State's case-in-chief, Trooper Josh Culp of the Tennessee Highway Patrol testified that he was dispatched to a motor vehicle crash on Caldwell Road in Lawrence County on February 18, 2008, at approximately 9:45 P.M. According to Trooper Culp, he arrived at the scene about fifteen to twenty minutes later, where he found a white 1990 Dodge Ram pickup overturned in the middle of the road. The defendant, Karen Koons, was at the scene and told the trooper that she was the driver of the wrecked truck.

Trooper Culp testified that the defendant was unsteady on her feet and appeared "very intoxicated." The defendant told Culp that she had consumed two beers. Trooper Culp stated that Koons could not perform field sobriety tests. A video of the defendant and her interaction with Trooper Culp at the scene was admitted into evidence as Exhibit 1 and shown to the jury. Trooper Culp further testified that the defendant told him she had been traveling north on Caldwell Road at the time of the mishap, but Trooper Culp thought the evidence [at] the scene indicated she had actually been going south. The defendant refused a blood alcohol test and signed indicating such on the implied consent form (Exhibit 2).

The defendant testified that on the date in question, she left work and on the way home noticed that her husband was at a bar in the vicinity of their home in the Summertown area. She stopped and went in, but she testified that she drank only a Mountain Dew soft drink. According to her testimony, the defendant left the bar to go home at about 7:30 P.M. She stated that about ten minutes into the trip she was suddenly confronted by a deer and that when she attempted to avoid the deer, she lost control of her truck in loose gravel and wrecked.

The defendant testified that her husband and a friend came by and helped her get out of the overturned truck. According to the defendant's testimony, the wrecked vehicle was particularly special to her, and she became upset over its ruined condition. The defendant stated that she left the scene

and walked to her nearby residence where she drank three beers. She further testified that she went back to the scene, taking two more beers with her. She drank those beers at the scene. The defendant stated that when Trooper Culp arrived and began to investigate her, she did not tell him that she did not drink before the wreck. The defendant said that she refused the blood test because of her fear of needles. She testified that the trooper offered her an intoximeter breath test but was unable to follow through because the machine was broken.

The defense called Maureen Partain, sister of the defendant. Partain stated that the defendant's husband, Donald George Koons, called her from the scene of the accident and that she traveled to the scene. According to Partain, she found the defendant there in a sober condition, but Koons was upset over what had happened to her truck. Partain went with the defendant to the defendant's residence.

Partain testified that at the Koons residence, she saw her sister remove the first beer from the refrigerator and "inhale" it. She said she then saw the defendant open another beer. Partain went on to state that the defendant took two more beers back to the scene of the wreck and drank them there. According to Partain, Koons got her to put the two empty bottles in Partain's vehicle to "hide them from the law."

Partain also testified that the time interval between when she was called about the mishap and when the officer arrived at the scene "seemed like four or five hours," but that "it couldn't have been that long." She then said it was "at least one hour." Partain testified that her sister drank the beer in an hour to an hour and a half.

Koons was found guilty of driving under the influence, second offense. She filed a motion for new trial that challenged the sufficiency of the evidence. The trial court denied the motion for new trial, and Koons filed a timely notice of appeal.

**ANALYSIS**

**Sufficiency of the Evidence**. Koons claims the evidence failed to prove that she drove or was in physical control of her truck while intoxicated. She argues that the jury's verdict was based on speculation and did not "exclude the reasonable theory or hypothesis that the defendant drank alcohol only after she was driving." In response, the State argues that the evidence was sufficient to support the conviction. It claims the proof gave rise to the reasonable inference that Koons exercised physical control of her truck while intoxicated.

-3-

The State, on appeal, is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from that evidence. State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). When a defendant challenges the sufficiency of the evidence, this court must consider "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). Similarly, Rule 13(e) of the Tennessee Rules of Appellate Procedure states, "Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support a finding by the trier of fact of guilt beyond a reasonable doubt." The requirement that guilt be found beyond a reasonable doubt is applicable in a case where there is direct evidence, circumstantial evidence, or a combination of the two. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990) (citing State v. Brown, 551 S.W.2d 329, 331 (Tenn. 1977) and Farmer v. State, 343 S.W.2d 895, 897 (Tenn. 1961)). The trier of fact must evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and must reconcile all conflicts in the evidence. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996).

When reviewing issues regarding the sufficiency of the evidence, this court shall not "reweigh or reevaluate the evidence." State v. Philpott, 882 S.W.2d 394, 398 (Tenn. Crim. App. 1994) (citing State v. Cabbage, 571 S.W.2d 832, 836 (Tenn. 1978), superseded by statute on other grounds as stated in State v. Barone, 852 S.W.2d 216, 218 (Tenn.1993)). This court has often stated that "[a] guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." Bland, 958 S.W.2d at 659 (citation omitted). A guilty verdict also "removes the presumption of innocence and replaces it with a presumption of guilt, and the defendant has the burden of illustrating why the evidence is insufficient to support the jury's verdict." Id. (citation omitted).

Koons was convicted of driving under the influence, second offense. She conceded that she had a prior conviction for driving under the influence. This offense is codified under Tennessee Code Annotated section 55-10-401, which states:

(a) It is unlawful for any person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state, or on any streets or alleys, or while on the premises of any shopping center, trailer park or any apartment house complex, or any other premises that is generally frequented by the public at large, while:

(1) Under the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system; or

> (2) The alcohol concentration in the person's blood or breath is eight-hundredths of one percent (.08%) or more.

As an initial matter, Koons cites State v. Dewayne Smith, No. 03C01-9501-CR-00024, 1995 WL 550796 (Tenn. Crim. App., at Knoxville, Sept. 19, 1995), perm. to appeal denied (Tenn. Jan. 8, 1996), and claims it is analogous to the instant case. In Dewayne Smith, this court reversed a conviction for contributing to the delinquency of a minor based on the insufficiency of the evidence. Id. at *3. The defendant and two other individuals were apprehended soon after abandoning a vehicle driven by the defendant. Id. at *1. One of the passengers, Townsend, was a minor who had consumed alcohol. Id. In reversing the conviction, this court stated:

> Despite the fact there was proof that Townsend had been drinking before the incident, there is no evidence in the record to show that the Defendant had anything to do with Townsend acquiring alcoholic beverages. The only relevant testimony came from Townsend, who stated that the Defendant was not the one who had given him the alcohol.

Id. at *3. Koons's reliance on Dewayne Smith is misplaced. Here, Trooper Culp actually observed Koons's behavior within fifteen to twenty minutes after being dispatched to the crash scene. He observed that Koons appeared to be "very intoxicated" and admitted to consuming two beers. Trooper Culp further testified that Koons was unable to perform field sobriety tests. Based on Trooper Culp's testimony, it was reasonable for the jury to infer that Koons was intoxicated while driving her truck. See e.g. State v. Butler, 108 S.W.3d 845, 850 (Tenn. 2003) (wherein the Court concluded that a jury could reasonably find that the defendant had driven to Wal-Mart despite the defendant's contentions that he did not start drinking until after he had exited his motorcycle to shop at Wal-Mart).

In addition, Koons basically relies upon her own testimony that she did not consume alcohol until after the crash to argue that there was no direct evidence that she was, in fact, driving her truck while she was intoxicated. However, Trooper Culp testified that he arrived within fifteen to twenty minutes of being dispatched. Koons admitted that she was the driver of the truck, appeared to be "very intoxicated" and admitted to consuming two beers. Trooper Culp further testified that Koons was unable to perform field sobriety tests, and she refused to take a blood alcohol test. Here, the jury chose to accredit the testimony of Trooper Culp instead of Koons, which was their prerogative to do. As stated above, questions of witness credibility are entrusted to the jury, and we will not override its determination. See Odom, 928 S.W.2d at 23. Considering this evidence in the light most favorable to the State,

we hold that Koons's conviction was supported by sufficient evidence.  Koons is not entitled to relief.

## CONCLUSION

Based on the foregoing, the judgment of the trial court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE