IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 1, 2025

## GHOLAM REZA SAFAEIH v. REZA ALIZADEGAN

**Appeal from the Chancery Court for Dyer County**
**No. 23-CV-113      Tony Childress, Chancellor**

———————————————————

### No. W2024-01154-COA-R3-CV

———————————————————

The parties entered into an agreement in which the defendant provided funds and the plaintiff used those funds to trade stocks. At one point, the defendant agreed to make a $50,000 loan to the plaintiff so that the trading could continue. The agreement was evidenced by a promissory note in which the plaintiff agreed to repay the loan and to share any losses incurred. The loan was secured by a deed of trust executed on the plaintiff's residence. Subsequently, the parties lost approximately $210,342. The plaintiff then filed a declaratory judgment action in which he claimed that the deed of trust was void because the loan funds had never been disbursed. The defendant filed an answer and counterclaim alleging that the plaintiff owed him the balance of the loan plus interest. He also sought reimbursement for a portion of the losses that the parties had incurred. The chancery court determined that the defendant had never disbursed the loan funds. Accordingly, it held that the deed of trust and the portion of the promissory note which required repayment of the loan balance were void due to a lack of consideration. However, the chancery court also held that the portion of the promissory note in which the plaintiff agreed to share losses was effective and left the defendant entitled to damages. The plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and JEFFREY USMAN, JJ., joined.

Gholam Reza Safaeih, Dyersburg, Tennessee, Pro Se.

Melinda Meador, Martin, Tennessee and Charles S. Kelly Sr., Dyersburg, Tennessee, for the appellee, Reza Alizadegan.

## OPINION

# I. FACTS & PROCEDURAL HISTORY

In February 2015, Gholam Reza Safaeih and Reza Alizadegan entered into a stock trading agreement. Mr. Alizadegan provided the trading account and seed money that Mr. Safaeih used to buy and sell stocks in an attempt to generate profits, which the parties would then share. The parties initially enjoyed success in this enterprise. Subsequently, Mr. Alizadegan agreed to loan Mr. Safaeih an additional $50,000 with which to trade. Mr. Safaeih signed a promissory note in which he agreed to repay the loan plus interest at a rate of 10% per year. The promissory note also provided that Mr. Safaeih would be responsible for 20% of any losses the parties sustained. Shortly thereafter, Mr. Safaeih executed a deed of trust and put forth his residence as security for the loan. Mr. Joseph Livesay was named the trustee. The parties continued their trading arrangement for several years, but their endeavors appear to have been largely unsuccessful. Between the years 2016 and 2020, the parties lost approximately $210,342.

On March 10, 2023, Mr. Safaeih filed a "complaint for declaratory action" in the Dyer County chancery court. Mr. Safaeih claimed that he never received the $50,000 loan contemplated in the promissory note and sought to have the deed of trust set aside as void. Mr. Alizadegan filed an answer in which he denied having failed to disburse the loan funds and asserted a counterclaim seeking payment of the loan amount plus interest. He also sought payment for 20% of the losses the parties sustained between 2016 and 2020.

A hearing was held on the matter on June 17, 2024, in which both parties were represented by counsel. At the conclusion of the hearing, the chancery court made oral findings of fact and conclusions of law.[1] The chancery court found that the promissory note "was intended to be a loan so that the plaintiff could continue to play the stock market." The chancery court noted that this finding was "based on the testimony of . . . Mr. Livesay." The chancery court also found that Mr. Safaeih never received the loan funds contemplated in the promissory note. Accordingly, it held the portion of the promissory note that required repayment and interest was void due to a lack of consideration. Likewise, the chancery court held that because "[t]he Deed of Trust [was] based on th[e] part of the note that [was] not supported by consideration," it was also void. However, the chancery court found the portion of the promissory note that provided Mr. Safaeih "would be responsible for 20 percent of any future stock market losses" was binding. Therefore, as the evidence demonstrated that the parties had lost approximately $210,342 between 2016 and 2020, the chancery court held Mr. Safaeih owed Mr. Alizadegan $42,068.40. The chancery court entered an order incorporating its oral findings of fact and conclusions of law into its final order on July 2, 2024. The chancery court subsequently entered a

---

[1] A full transcript of the hearing is not included in the record on appeal. However, a transcript of the portion of the hearing during which the chancery court made its oral findings of fact and conclusions of law is included in the technical record.

written order in which it again held that the deed of trust and the portion of the promissory note requiring repayment of the loan were "void and null" because the loan funds had never been disbursed.[2]  It also held that the portion of the promissory note requiring Mr. Safaeih to pay for 20% of any losses was binding, and Mr. Safaeih therefore owed Mr. Alizadegan $42,068.40.  Mr. Safaeih filed this appeal pro se.

## II. ISSUES PRESENTED

The appellant has presented a litany of issues on appeal.  However, we have condensed the appellant's various arguments into the following two issues:

1. Whether the chancery court erred by admitting the testimony of Mr. Livesay as evidence and by permitting him to review an unidentified document.
2. Whether the chancery court erred by holding that the promissory note applied to the terms of the parties' stock trading agreement.

For the following reasons, the judgment of the chancery court is affirmed.

## III. DISCUSSION

To begin, we acknowledge that Mr. Safaeih is proceeding pro se in this appeal.  A pro se litigant is "entitled to fair and equal treatment by the courts." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).  Courts are to consider "that many pro se litigants have no legal training and little familiarity with the judicial system." *Id.* Accordingly, a pro se litigant who is untrained in the law is granted "a certain amount of leeway in drafting [his or her] pleadings and briefs." *Id.*  Therefore, we will scrutinize the documents submitted by Mr. Safaeih "less stringent[ly]" than had they been submitted by an attorney. *Id.*  Courts are to "give effect to the substance, rather than the form or terminology, of a pro se litigant's papers." *Id.* at 904.  However, the balance of fairness to the pro se litigant and the pro se litigant's adversary must be maintained. *Id.* at 903.  These rules do not permit a pro se litigant "to shift the burden of the litigation to the courts or to their adversaries." *Id.* at 904.  Further, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Id.* at 903.

---

[2] When this appeal was filed, we determined that the written order did not comply with Tennessee Rule of Procedure 58 because it was not signed by all parties and, instead, contained a hand-written addendum, which appeared to be signed by Mr. Alizadegan's counsel, stating it had been served upon Mr. Safaeih's counsel.  It did not include a certificate of the clerk stating that it had been served on all parties or counsel who did not sign the order. *See* Tenn. R. Civ. P. 58.  We remanded the matter for entry of an order compliant with Rule 58.  Such an order was entered on February 24, 2025.  It retained the same substantive language as the initial version of the order but corrected the hearing date and included a certificate of service demonstrating it had been served upon the parties and/or their attorneys.

As this is a non-jury case, we review any findings of fact "*de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d); *see In re Est. of Fletcher*, 538 S.W.3d 444, 448 (Tenn. 2017). "However, our review of the court's legal conclusions is *de novo* with no presumption of correctness." *Harris for Richey v. Richey*, No. M2021-00331-COA-R3-CV, 2021 WL 6054819, at *4 (Tenn. Ct. App. Dec. 21, 2021) (citing *In re Est. of Fletcher*, 538 S.W.3d at 448). Notably, "[w]e review the trial court's decision to admit or exclude evidence by an abuse of discretion standard." *Biscan v. Brown*, 160 S.W.3d 462, 468 (Tenn. 2005). "A trial court abuses its discretion only when it 'applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)) (alterations present in original).

First, we consider Mr. Safaeih's claim that the chancery court should not have permitted Mr. Livesay to testify or review an unidentified document while doing so. He claims that Mr. Livesay was a "surprise witness" and cites various federal criminal cases in arguing his testimony was inadmissible. Unfortunately, our ability to address this issue is hindered by Mr. Safaeih's failure to include a transcript or statement of the evidence in the record on appeal. As we have previously explained, Tennessee Rule of Appellate Procedure 24(b) "provides that it is the duty of the appellant to prepare 'a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal.'" *Allen v. Allen*, No. W2010-00920-COA-R3-CV, 2011 WL 198516, at *3 (Tenn. Ct. App. Jan. 12, 2011) (quoting Tenn. R. App. P. 24(b)). A transcript or statement of the evidence is intended to set forth "a narrative record, prepared 'from the best available means,' of what transpired in the lower court proceedings." *Id.* (quoting Tenn. R. App. P. 24(c)). Tennessee Rule of Appellate Procedure 24(c) provides "that where a transcript is not available, 'the appellant shall prepare a statement of the evidence' which 'should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal.'" *Id.* (quoting Tenn. R. App. P. 24(c)). "Consequently, in cases where no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court." *Id.* (citing *Reinhardt v. Neal*, 241 S.W.3d 472, 477 (Tenn. Ct. App. 2007); *Sherrod v. Wix*, 849 S.W.2d 780, 783, (Tenn. Ct. App. 1992)).

"Moreover, in the absence of a transcript or a statement of the evidence, we are left with no means to review the trial court's discretionary decisions regarding which witnesses should be permitted to testify and on what topics, and which documents should be admitted into evidence at trial." *Chandler v. Chandler*, No. W2010-01503-COA-R3-CV, 2012 WL 2393698, at *9 (Tenn. Ct. App. June 26, 2012). Accordingly, "[t]he failure of the appellant to ensure that an adequate transcript or record on appeal is filed in the appellate court constitutes an effective waiver of the appellant's right to appeal." *Chiozza v. Chiozza*, 315

S.W.3d 482, 492 (Tenn. Ct. App. 2009). Here, Mr. Safaeih's failure to include a statement or transcript of evidence leaves us without the means necessary to review the chancery court's decisions to permit Mr. Livesay to testify and to read from an allegedly unidentified document. Therefore, we must presume that the chancery court did not abuse its discretion, and these decisions are affirmed.

Likewise, we are unable to conduct an effective review of Mr. Safaeih's second issue on appeal regarding the application of the promissory note. The chancery court's determination that the promissory note applied to the parties' stock trading agreement was based specifically "on the testimony of . . . Mr. Livesay." As stated above, Mr. Safaeih has not provided us with a transcript or statement of the evidence. As such, we cannot review the testimony upon which the chancery court explicitly based this finding of fact. *See Sherrod*, 849 S.W.2d at 783 (explaining that appellate courts "cannot review the facts *de novo* without an appellate record containing the facts, and therefore," the court was required to "assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings"). Accordingly, Mr. Safaeih has effectively waived this issue as well. *See Chiozza*, 315 S.W.3d at 492.

Mr. Safaeih attempted to explain his failure to include a transcript of the evidence. He noted that Mr. Alizadegan hired a court reporter who recorded the proceedings. He claimed that, after the proceedings had concluded, he attempted to purchase a copy of the transcript from the reporting service but was informed that counsel for Mr. Alizadegan had "den[ied] the purchase of a copy of the transcript." While we recognize the inconvenience that this caused Mr. Safaeih, it did not excuse him from filing a transcript or statement of the evidence. His decision to not hire a court reporter or to seek to split the costs of one prior to the hearing left him exposed to the risk that he would not have a verbatim record of the proceedings. *See Miller v. United Automax*, 166 S.W.3d 692, 698 (Tenn. 2005) ("A party who does not share in the per diem expense of a court reporter runs the risk of not having a verbatim record available. This risk stems from the contractual relationship created between the reporter and the payee.") Likewise, Mr. Alizadegan was not obligated to provide him with a transcript of the proceedings after the fact. *See Beef N' Bird of Am., Inc. v. Cont'l Cas. Co.*, 803 S.W.2d 234, 240 (Tenn. Ct. App. 1990) (explaining that a party who fails to aid in the hiring or payment of a court reporter has no contractual right to a transcript of the record "which is therefore unavailable to him unless and until made available to him on terms satisfactory to the stenographer and the party or parties who engaged the stenographer"). Notably, the unavailability of a verbatim transcript did not prevent Mr. Safaeih from instead filing a statement of the evidence. As explained above, Tennessee Rule of Appellate Procedure 24(c) provides that:

> [i]f no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available . . . and a statement of the evidence or proceedings is a reasonable alternative to a stenographic report, the appellant shall prepare a statement of the evidence or proceedings from the best

available means, including the appellant's recollection.

Tenn. R. App. P. 24(c). Accordingly, Mr. Safaeih could have created a statement of the evidence based upon his own recollection of the hearing. He could have then filed the statement with the chancery court and served Mr. Alizadegan with notice of the filing. *Id.* Mr. Alizadegan would then have been free to raise any objections. *Id.* Instead, he filed a notice of no transcript or statement of the evidence. As stated above, Mr. Safaeih's failure to submit a transcript or statement of the evidence leaves us unable to review his issues on appeal. Therefore, we affirm.

## IV. CONCLUSION

For the foregoing reasons, the ruling of the chancery court is affirmed. Costs of this appeal are taxed to the appellant, Gholam Reza Safaeih, for which execution may issue if necessary.

s/ Carma Dennis McGee
CARMA DENNIS MCGEE, JUDGE